UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

CHARLES KEITH MUELLER                                                              PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 1:08CV139-RHW

TIMMY SEALS and
JOHN SAUCIER                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This case comes before the Court on Defendants' [44] Motion to Dismiss for Failure to Prosecute, which they filed on January 7, 2009. Plaintiff originally filed his complaint alleging unconditional conditions of confinement at the Pearl River County Jail. He also alleged that Defendants Timmy Seals and John Saucier used excessive force against him by placing him in a restraining chair and using a taser on him. The Court conducted a screening hearing and entered an [23] Order Dismissing Certain Claims and Defendants. In the Order, the Court dismissed the general conditions of confinement claims but allowed Plaintiff to proceed on his excessive force claims against Defendants Seals and Saucier. Defendants later filed a [48] Motion for Summary Judgment, wherein they denied that the excessive force incident occurred. Plaintiff has not filed a response to either of Defendants' motions, despite the Court directing him to do so. The time for filing a response has long since passed.

Beginning in November 2008, mail sent by the Court to Plaintiff's address of record was returned as "undeliverable". Mail was returned as undeliverable on November 19, 2008; November 24, 2008; December 15, 2008; December 19, 2008; January 15, 2009; and February

3, 2009. Defendants likewise informed the Court that mail and discovery requests sent to Plaintiff's address of record had been returned as undeliverable. In prior orders, the Court instructed the Plaintiff that failure to advise the court of a change of address will be deemed as purposeful delay and contumacious act by the plaintiff and may result in this case being dismissed without prejudice and without further notice." *See* docket entries # 3, 5, 6, and 8.

The Court conducted a pre-trial/settlement conference on January 21, 2009. Plaintiff appeared in person at the conference. At the conference, the Court informed Plaintiff that he must change his address of record with the clerk's office. The Court gave Plaintiff one last opportunity to change his address so that communications from the Court and from defense counsel could reach him. The Court also gave Plaintiff copies of Defendants' motion to dismiss and motion for summary judgment. The Court allowed Plaintiff until February 4, 2009, to file responses to the pending dispositive motions. The Court informed Plaintiff that it is his responsibility to maintain a current address of record and that a continued failure to change his address of record would result in the dismissal of his lawsuit. The Court further advised Plaintiff that if his address was not correct and updated, the Court would not search for him in the State and local prison systems.

Despite these warnings, Plaintiff did not change his address nor did he respond to the outstanding motions. Out of an abundance of caution, the Court entered an [60] Order to Show Cause on February 17, 2009, with a response date of February 25, 2009.

As of the date of this Order, Plaintiff has not filed a change of address with the clerk of the Court, has not responded to the pending motions, and has not responded to the Court's order to show cause. The Court is only eight days removed from the scheduled trial date. The Court

concludes from Plaintiff's silence that he is no longer interested in pursuing his complaint.  Based on the foregoing, the Court finds that Defendant's [44] Motion to Dismiss for Failure to Prosecute is **GRANTED** and that Plaintiff's complaint should be dismissed without prejudice.

SO ORDERED, this the 2nd day of March, 2009.

s/ *Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE